IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODGER WILLIAMS, | : | |
|     Plaintiff | : | No. 1:16-cv-01759 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Carlson) |
| SUPERINTENDENT LAUREL HARRY, | : | |
|     Defendant | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the July 21, 2017 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 16), recommending dismissal of the above-captioned action with prejudice for failure to file an amended complaint as directed by the Court in its June 19, 2017 Order dismissing Plaintiff's original complaint with leave to amend, and for failure to comply with Local Rule 83.18, which requires that Plaintiff maintain a current address on file with the Court. No timely objections have been filed.

**ACCORDINGLY**, on this 11th day of August 2017, upon independent review of the record and applicable law, **IT IS ORDERED THAT**:

    1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 16), of Magistrate Judge Carlson;[1]

---

[1] While a district court must ordinarily balance the six factors enumerated in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), when evaluating whether sua sponte dismissal of an action under Federal Rule of Civil Procedure 41(b) is appropriate, the United States Court of Appeals for the Third Circuit acknowledged in several non-precedential opinions that application of the Poulis factors is unnecessary in circumstances where the plaintiff fails to file an amended complaint in accordance with a court order, as the "litigant's conduct makes adjudication of the case impossible." Azubuko v. Bell Nat'l Org., 243 F. App'x 728, 729 (3d Cir. 2007); see also Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007) (upholding the dismissal of a pro se plaintiff's complaint with prejudice for failure to amend his complaint). Applying the Third Circuit's reasoning in Azubuko and Pruden to this case, it would appear that a balancing of the Poulis factors is unnecessary, as Plaintiff has not filed a second amended complaint, thereby rendering any future adjudication of his claims impossible. Given that these Third Circuit cases are non-precedential, however, the Court, out of an abundance of caution,

2. Plaintiff Rodger Williams' complaint (Doc. No. 1), is **DISMISSED WITH PREJUDICE**; and

3. The Clerk is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

additionally finds that application of the <u>Poulis</u> factors warrants dismissal of this action for failure to prosecute. Specifically, the fifth factor—the effectiveness of alternative sanctions—cuts against Plaintiff and in favor of dismissal, as no viable alternative to dismissal exists given the absence of an operative pleading before the Court. Furthermore, the sixth factor, instructing the Court to consider the meritoriousness of Plaintiff's claims, likewise militates towards dismissal, as Plaintiff's complaint was subjected to an initial screening review and was accordingly dismissed by this Court.